# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORY BRYAN NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )  Case No. CIV-24-1063-F |
| | ) |
| GARFIELD COUNTY DETENTION | ) |
| CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On January 13, 2025, the court entered an order and judgment (doc. nos. 12 and 13) dismissing plaintiff Cory Bryan Nelson's 42 U.S.C. § 1983 action without prejudice to re-filing, pursuant to Rule 41(b), Fed. R. Civ. P., for failure to pay the initial partial filing fee of $16.38 as ordered by the court.

On January 23, 2025, the court clerk received from the Department of Corrections a check for payment of the initial partial filing fee, along with copies of the court's order and judgment underlining language about the failure to pay the initial partial filing fee. The clerk of the court returned the check and documents, along with a letter explaining that the action had been dismissed.

Separately, on that same day, the court clerk received and filed two letters from plaintiff. In one letter, plaintiff asks the court "to reconsider [its] finding to dismiss case no. CIV-24-1063-F." Doc. no. 15, ECF p. 1. In the second letter, plaintiff asks "for the paperwork to get a court appointed Attorney[,]" "copies of [his] original petition[,]" and "paperwork to add David Henneke[,]" if a "decision is made to continue [this case]." Doc. no. 14, ECF p. 1.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 59(e) of the Federal Rules of Civil Procedure, however, permits the filing of a motion to alter or amend a judgment within 28 days after entry of judgment. Under Tenth Circuit precedent, "[n]o matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment." Hayes Family Trust v. State Farm Fire & Casualty Company, 845 F.3d 997, 1004 (10th Cir. 2017).

Initially, the court notes that plaintiff has not filed a "motion." He has instead made a request by way of a letter addressed to the undersigned. Rule 7(b)(1) of the Federal Rules of Civil Procedure requires that a "request for a court order must be made by motion." And Rule 7(b)(2) states that the "rules governing captions and other matters of form in pleadings apply to motions and other papers." Rule 7(b)(2), Fed. R. Civ. P. Although plaintiff has not complied with Rule 7(b)(1) and Rule 7(b)(2), the court, acting in its discretion, will construe plaintiff's letter asking to reconsider the dismissal of his case as a motion under Rule 59(e), Fed. R. Civ. P.[1]

Grounds for Rule 59(e) relief include "'(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" Hayes, 845 F.3d at 1004 (quoting Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)).

With his motion, plaintiff states the law library supervisor had him fill out the wrong form for payment of the initial partial filing fee. Instead of a payment of an initial partial filing fee, it was applied as a payment for postage. The payment was

---

[1] The court warns plaintiff that, for any future requests for a court order, he must file a motion as required by Rule 7(b)(1), Fed. R. Civ. P.

2

returned to his institution as a postal credit.  Plaintiff attaches to his motion the request for disbursement of legal costs, which he and the law library supervisor completed on December 17, 2024.  It shows a requested payment of "[$]16.38" for "Certified services to document initial filing in court[,]" along with a requested payment of "[$].73" for first class postage.  Doc. no. 15-1.  The request is signed by the trust fund officer on December 19, 2024, indicating the requested sum was withdrawn from plaintiff's trust fund draw account.  Plaintiff states that his request for payment was made and the money was withdrawn within the time to make the initial partial filing fee by the January 6, 2025 deadline.  He asserts that the "Trust Fund has [] at this time sent you a check [] to cover the [$]16.38."  He requests the court to accept the payment that has been sent for the initial partial filing fee, and "to allow [him] to continue with [his] civil lawsuit case."  Doc. no. 15, ECF p. 4.

Upon review, the court, acting in its discretion, concludes that its January 13, 2025 judgment should be altered and amended.  The court will vacate the judgment as well as the order entered that same date.  The court will allow plaintiff 45 days to pay the $16.38 initial partial filing fee.  In the court's view, plaintiff has presented new evidence, which indicates that plaintiff would have paid his initial partial filing fee by January 6, 2025, as required by the court's December 10, 2024 order.  In addition, the court opines that vacating the order and judgment would prevent manifest injustice to plaintiff in light of the circumstances that have occurred.

Accordingly, the letter of plaintiff Cory Bryan Nelson (doc. no. 15) construed as a motion pursuant to Rule 59(e), Fed. R. Civ. P., is **GRANTED**.  The court's January 13, 2025 judgment (doc. no. 13) and January 13, 2025 order (doc. no. 12) are **VACATED**.

A ruling on the Report and Recommendation of United States Magistrate Judge Amanda Maxfield Green is **HELD in ABEYANCE**.  Plaintiff's request for appointment of an attorney (doc. no. 11) remains pending.

Plaintiff is **ORDERED** to pay the initial partial filing fee of $16.38 **no later than March 13, 2025**.  Failure of plaintiff to pay the initial partial filing fee of $16.38 by will result in the dismissal of this action without prejudice to re-filing.  No additional time to pay the initial partial filing fee of $16.38 is contemplated by the court.

The court clerk is **DIRECTED** to send, along with a copy of this order, a copy of plaintiff's original complaint (doc. no. 1) and a pro se prisoner civil rights complaint form for plaintiff to use to file an amended complaint, if he so chooses, after payment of the initial partial filing fee as ordered.

DATED this 24th day of January, 2025.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-1063p004.docx